[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married in New Haven, Connecticut on December 7, 2000. By complaint dated August 30, 2002, the Husband instituted this action claiming a dissolution of marriage, a fair division of the property and debts, and such other relief as law and equity might provide. The Wife filed an Answer and Cross Complaint dated September 3, 2002 claiming an equitable distribution of the parties' property both real and personal, alimony, counsel fees, restoration of her name of Sweeney and such other relief as law and equity might provide.
No children were born during the course of this marriage.
The Husband is age 31 and in good health. The Wife is age 32 and in good health.
This is the second marriage to each other for this couple. It is also the second divorce from each other. During the first marriage, no children were born to this couple. During the second marriage the Wife suffered a miscarriage. The Wife testified that the cause of the breakdown of the marriage was that the Husband just no longer wished to be married. The Husband testified that the cause of the breakdown of the marriage was that there was no ability of the parties to communicate and compromise on any of the issues which arose during the marriage. With this meager testimony before the court on the issue, the court will find that both parties are equally responsible for the breakdown of the marriage.
The Husband is earning $50,000.00 per year.
The Wife had been working at jobs which provided her with an income of $29,000.00 per year. She voluntarily left those jobs and is now working for her father earning under $20,000.00. She has plans to attend school to become a paralegal. The cost of tuition for the schooling is $10,000.00. However, up until the day of the trial the Wife had informed CT Page 2973 the Husband that she would be attending another school, the cost of which would have been $2,500.00.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
 DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on March 4, 2003.
 ALIMONY
The Husband shall pay to the Wife periodic alimony of $75.00 per week for the term of one year, non-modifiable as to term unless sooner terminated by the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
MEDICAL INSURANCE — WIFE AND HUSBAND
The Wife shall be responsible for her own medical insurance coverage. The Husband shall be responsible for his own medical insurance.
 PERSONAL PROPERTY
The parties have to their mutual satisfaction divided their personal property.
 DIVISION OF DEBTS AND ASSETS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
Except as otherwise provided herein, the Husband shall be retain all assets on his financial affidavit and the Wife shall retain all assets on her financial affidavit.
 ATTORNEY FEES CT Page 2974
The parties shall each be solely responsible for their own attorney fees.
 TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter.
 RESTORATION OF NAME
The Wife's name of Sweeney shall be restored to her.
WIFE'S TUITION
The Wife shall be solely responsible for the cost of her tuition.
 MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Frankel, J. CT Page 2975